# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: 18mj3393-RNB-MMA |
|---|---|
| Plaintiff, | |
| v. | **ORDER AFFIRMING JUDGMENT** |
| MARTINA ALVAREZ-OLIVERA, | |
| Defendant. | |

Martina Alvarez-Olivera appeals the judgment entered following her guilty plea conviction of misdemeanor illegal entry in violation of 8 U.S.C. § 1325. The Court has jurisdiction pursuant to 18 U.S.C. § 3402, and reviews for plain error. *See United States v. Kyle*, 734 F.3d 956, 962 (9th Cir. 2013) (holding that "the plain-error rule applies where, as here, the defendant failed to raise the Rule 11 violation before the trial court."). The Court concludes that the magistrate judge did not commit plain error, and therefore **AFFIRMS** the judgment.

Alvarez-Olivera argues that the magistrate judge accepted her guilty plea pursuant to Federal Rule of Criminal Procedure 11(b)(3) in error because there was no factual basis to support a finding that she eluded "examination or inspection by immigration officials," 8 U.S.C. § 1325(a)(2). There was no error. Alvarez-Olivera distorts the elements of the offense to argue otherwise. Section 1325(a)(2) is a general intent crime

which "is consummated at the time an alien gains entry through an unlawful point and does not submit to these examinations." *United States v. Rincon-Jimenez*, 595 F.2d 1192, 1193-94 (9th Cir. 1979).

According to the probable cause statement in support of the complaint, a border patrol agent apprehended Alvarez-Olivera after responding to "an area known to Border Patrol agents as 'Second Breaks,'" located "approximately twenty miles east of the Tecate, California, Port of Entry, and approximately two miles north of the United States/Mexico International Boundary." Doc. No. 1 at 2. Upon arrival to the area, the agent found Alvarez-Olivera and three other individuals "attempting to conceal themselves in some brush." *Id*. Alvarez-Olivera advised the agent that she is a citizen of Mexico "without immigration documents" that would allow her "to enter or remain in the United States legally." *Id*. These facts are sufficient to support Alvarez-Olivera's conviction under Section 1325(a)(2). *See Rincon-Jimenez*, 595 F.2d at 1193 (holding that an unlawful entry occurred in violation of Section 1325(a)(2) when the defendant, "a Mexican citizen, illegally entered the United States . . . by traversing the beach between Tijuana and San Ysidro late at night. Because he did not enter at an officially designated border checkpoint, he never presented himself for the medical examination and inspection required of all entering aliens."); *see also United States v. Mancinas-Flores*, 588 F.3d 677, 682 (9th Cir. 2009) ("[A] court need not rely on the plea colloquy alone and may conclude that a factual basis exists from anything that appears on the record." (internal quotation marks omitted)); *United States v. Rivera-Ramirez*, 715 F.2d 453, 457 (9th Cir. 1983) (recognizing that Rule 11 prescribes no specific method of establishing the factual basis so long as sufficient evidence on the record supports the conclusion that the defendant is guilty).

Nor did the magistrate judge err under Rule 11(b)(1)(G). The record clearly demonstrates that the magistrate judge properly informed Alvarez-Olivera of the nature of the charge against her. *See* Doc. No. 17 at 12. As another court in this District recently reasoned, "[w]hile it may lack certain elegance to read the disjunctive parts of

the statute, it was done so correctly and included part (a)(2) the specific provision Defendant faced." *United States v. Choy-Timana*, No. 18mj3200-AJB, 2018 U.S. Dist. LEXIS 146493, at *12 (S.D. Cal. Aug. 28, 2018).

Accordingly, the Court **AFFIRMS** the judgment. The Court **DENIES** the joint motion to stay these proceedings. *See* Doc. No. 23.

**IT IS SO ORDERED**.

DATE: October 17, 2018

HON. MICHAEL M. ANELLO
United States District Judge